

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Orville S. Carpenter
Chairman and Executive Director
Texas Unemployment Compensation Commission
Austin, Texas

Dear Sir:

Opinion No. O-661
Re: Caption of S. B. No. 21
broad enough to permit
the inclusion of Section 8-A?
Is power given permission
in Section 8-A an unconsti-
tutional delegation of
authority?

      This Department has received your request for an opinion upon two questions stated by you as follows:

    "(1)  Is the caption of this bill broad enough to permit the inclusion of Section 8-A?

    "(2)  Is the power granted the Commission in Section 8-A to prescribe rules determining the payment of benefits to seasonal workers a constitutional delegation of authority in view of the fact that benefits paid or denied to such workers under such rules shall be the determining factor in the fixing of individual employer's tax rates under other provisions of the Act?"

      The bill referred to in your question is Senate Bill No. 21 of the 46th Session of the Legislature of Texas effective April 1, 1939, this being an amendment to Article 5221-b of Vernon's Civil Statutes. We quote the caption of Senate Bill No. 21:

    "An Act to amend the subject matter embraced in Section 3, Section 4, Section 7, Section 13 and Section 19 of Chapter 482, Acts of the Forty-fourth Legislature, Third Called Session, as amended by Section 1, Section 2, Section 3, Section 5, and Section 7, respectively, of Chapter 67, Acts of the Forty-fifth Legislature, Regular Session, and Section



Mrs. Kloween Mesch, R.N., Page 2

latter schools have not been approved or accredited by this Board either as to qualifications of student nurses or as to courses of study by students or any other matter?

"3. Would this Board be authorized to issue a special license to applicants for nursing in tubercular cases, only, where the applicants have attended a nursing school connected with a hospital accepting as patients only those afflicted with tuberculosis, whether the nursing school was accredited as a special nursing school or not, when the applicants have not attended for one continuous year an accredited nursing school in connection with a general hospital"?

We also have your letter of May 13, 1939, explaining that the opinion of former Attorney General, Dan Moody, referred to in your original inquiry, was not a formal opinion but merely an oral one to the effect that the Board of Nurse Examiners does have the authority to promulgate rules and regulations in its discretion regarding the qualifications of students and hospitals.

Quoting from "Policies, Regulations and Recommendations for the Accreditation of Texas Schools of Nursing" promulgated by the Board of Nurse Examiners, we find the following requirement for students under the title "Admission Requirement";

Health: "A health certificate shall be required of all applicants and students who are suffering from organic defects must not be accepted."

We refer you to articles 4518 and 4518a bearing upon this subject:

Article 4518. "Qualifications of Nurses' Training Schools and Applicants. All special hospitals approved by the Board of Nurse

Commission the power to make any rules and regulations with reference to seasonal workers, the benefits for such workers or the contributions of their employers.

The caption of Senate Bill No. 21 does not in any place state that a new Section, to-wit: Section 8-A is being added to the bill or the original Act; it does, however, specifically note that two new sections, Section 19-A and Section 19-B are being added.

e call your attention to 39 Tex. Jur. p. 104 in which we find the following statement:

"And where a title names as the purpose of the Act the amendment of specified section of a former bill, the body of the act, after amending such section, may not proceed to set out other sections which would become a part of the original act but which are not included in the title by reason of being changes in, or enlargements of, the section specified therein."

This other statement is found in 39 Tex. Jur. p. 104:

"The title expressing a purpose to amend a statute in a certain particular is deceptive and misleading insofar as the body of the act purports to amend a prior law in other particulars."

In Senate Bill No. 21 (Section 8-A, Subsection (3), Article 5221b), the Legislature has created and added a new function for the Commissioners, permitting them to do certain things with reference to seasonal workers and their employers, a power not heretofore delegated to the Commission. No mention is made in the caption of the Bill putting the members of the Legislature of the public upon notice that such new matter was being passed by the Legislature as an amendment to the already existing Unemployment Compensation Act. The caption is misleading and does not inform the members of the Legislature of the subject matter upon which they are voting.

The specification of the nature of the proposed amendment in our opinion fixes the character of the amendment as one seeking no other alteration in the original article than to do the things named. They specifically set out that new Sections 19-A and 19-B were being added. The listing of the Sections of Article 5221-b to be amended, the specification

of the nature of the proposed amendments and the information that new Sections 19-A and 19-B were being added was a distinct assurance that the object of the act was a limited one. The announcement having been made by the Legislature, in the caption, that Article 5221-b was to be amended in certain particulars, no different or new amendments can be added, see Ward Cattle and Pasture Company vs. Carpenter, 200 S. W. 521, and Arnold vs. Leonard, 273 S. W. 800. To permit such a procedure is, in our opinion, a violation of Article 3, Section 35 of the Constitution of Texas.

It is our opinion that the caption of Senate Bill No. 21 is not broad enough to cover the new matter included in Section 8-A, Subsection (3), as provided in the amendment to Article 5221-b. In view of our answer to your first question, we do not believe it necessary to answer your second question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Morris Hodges
Morris Hodges
Assistant

MH:N

APPROVED OCT 30, 1939

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
By BWB Chairman

CCC